Alliance Solutions, LLC                          *

                                                 *      IN THE
                                                 *
                Plaintiff                        *
                                                 *      UNITED STATES
v.                                               *
                                                 *      DISTRICT COURT
Quest Software, Inc
                                                 *      FOR

                                                 *      DISTRICT OF MARLYAND
                                                 *      Case # 11-cv-02115-ELH
                                                 *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## Memorandum in Support of Response to Motion to Dismiss

        The Plaintiff filed the instant complaint alleging a breach of contract by the Defendant.
Unfortunately, the Plaintiff muddied the waters by attaching the wrong contract to that
complaint.  The Plaintiff was retained to perform government business development service on
behalf of Quest Software, Inc.  The parties entered into the contract which is attached as Exhibit
A to this memorandum.  That contract does not contain a choice of forum clause.  The Parties did
enter into the contract that was improperly attached to the original complaint.  That Agreement of
August 28, 2006 was for a specific opportunity for which the Plaintiff was paid.

## ARGUMENT

## Motion to Dismiss under Rule 12(b)(3)

        The Complaint should not be dismissed as the entire argument is based upon a fallacious
premise which was inadvertently set up by the Plaintiff.  The actual contract between the parties
is the one attached as Exhibit A to this Memorandum.  That contract does not include a choice of
law or choice of forum clause. Therefore, the Motion to dismiss under Rule 12(b)(3) should be
denied as moot.
        Alternatively, the Defendant has requested that this Court honor the choice of forum
clause in the contract between the parties.  Such clauses, while valid, still require review and
analysis.  The Defendant complains that the Plaintiff did not provide sufficient facts to overcome
the presumption in the Complaint.  The Plaintiff was not required to do so until the issue was
raised and will provide those facts herein.

        This Court has stated in Belfiore v. Summit Federal Credit Union, 452 F.Supp.2d 629 (D.
Md., 2006) that

        'The Supreme Court has held that forum-selection clauses "are prima-facie valid and

should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972). . "Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party `will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." <u>Allen v. Lloyd's of London</u>, 94 F.3d 923, 928 (4th Cir.1996)."

In the instant case, the second grounds set forth are applicable to this matter. The facts which support this argument are:

1. That the Plaintiff resides in Baltimore County and has no contacts with the Defendant in California. The Limited Liability Company was formed on January 17, 2002 and has one member, Harold Youra.

2. As indicated in the Defendant's Memorandum, it is a publicly held corporation. According to Quest's website it earned $767 million dollars in 2010 and has $290 million dollars in available cash.

3. That all of the Defendant's witnesses who have personal knowledge of this matter. are located at the Maryland office of the Defendant. All of the non party witnesses who may be required to testify as to the Plaintiff's efforts reside in Maryland/District of Columbia or New Jersey.

4. That the contracts which are the subject of this suit were obtained for the benefit of Quest Software Public Sector, Inc. . The location of that entity is in Montgomery County, Maryland. That employees of Quest Software Public Sector, Inc specifically requested the assistance of the Plaintiff with respect to the Veterans Affairs Opportunity. The Defendant has acknowledged the assistance of the Plaintiff by letter executed by Paul Garver, President and CEO Quest Software Public Sector, Inc which is attached as Exhibit A.

5. When the Plaintiff's Lead Referral contract was terminated by the Defendant, the letter is signed by the same Paul Garver using his title as Vice President Quest Software, Inc.

6 . The Plaintiff's other significant contacts with the Defendant include Steve Lawrence, VP Federal, Washington DC area, Mark Lewis Federal Sales Manager Washington DC Metro area, Tom Dunwoody, sales manager, DC Metro area..

7. The specific contracts for which the allegations are made for monies owed are all located in Maryland and/or the District of Columbia. All witnesses that would be required to testify on behalf of the Plaintiff are located in the District of Columbia Metropolitan Area.

8. That the Plaintiff was instructed to bill the Defendant at 700 King Farm Blvd, Suite 250 , Rockville, MD 20850. A copy of the Plaintiff's monthly invoice is attached as Exhibit B.

Judge Titus stated in <u>Main Line Mech. of Virginia, Inc. v. Herman/Stewart Constr. & Dev. Inc</u>. 11cv203  (D. Md., 2011) (opinion issued on September 1, 2011), that "... A Maryland court will not enforce even a mandatory forum selection clause if it concludes that the clause is "unreasonable" under the federal standard set forth by the Supreme Court in Bremen, 407 U.S. 1. See Gilman, 692 A.2d at 463. The burden is on the party opposing enforcement of the clause - here, Main Line - to demonstrate that enforcement of the forum selection clause would be "unreasonable."

The Plaintiff's cite <u>Tech Usa, Inc. v. Evans</u>, 592 F.Supp.2d 852 (D. Md., 2009).  Chief Judge Legg reviewed the applicable law concerning choice of forum clauses.  The decision whether to enforce the clause is based upon state law considerations.   Maryland adopted the federal standard for interpreting these clauses.  <u>Gilman v. Wheat, First Securities, Inc.</u>, 692 A.2d 454, 345 Md. 361 (Md., 1996).  The Maryland Court of Appeals adopting <u>Bremen</u> restated the test for unreasonableness. It further recognized the case specific factors recognized in the District of Maryland.

"(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." <u>Lynch v. Vanderhoef Builders</u>, 237 F.Supp.2d 615, 617 (D.Md.2002). The burden is on the movant to show that transfer to another forum is proper. Id. Ultimately, however, the decision whether to transfer is committed to the sound discretion of the district court. <u>Southern Ry. Co. v. Madden</u>, 235 F.2d 198, 201 (4th Cir.), cert. denied, 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956).

<u>Id</u> at 857

The Plaintiff has listed a litany of reasons to support its burden to prove that the Court should exercise the discretion to maintain this case in this jurisdiction. The second factor is most persuasive as it is alleged that there is not a single major fact witness who resides in California including parties and non party witnesses.     The Maryland and Fourth Circuit Cases indicate that not every choice of forum clause should be enforced.  The Plaintiff recognizes that the decisions heavily favor enforcement of this clause.  However, the Plaintiff believes the Court should exercise its discretion  based upon the facts set forth especially the substantial dealing the Plaintiff had with the Maryland subsidiary of the Defendandant which is a Maryland corporation. There certainly can be and are legitimate reasons to permit choice of forum clauses in contracts. When the sole purpose of the request to transfer is to harass the Plaintiff, require the Plaintiff to incur substantial expenses and to imped its ability to have witnesses appear in Court, then that clause should not be enforced.

The Court set forth these factors for a purpose.  When sufficient facts related to each factor  are set forth to rebut the prima facie validity of the choice of forum clause, then this Court should not order the matter to be transferred.

Motion to Dismiss under 12(b)(6)

The Plaintiff has filed an amended Complaint simulaneously with the filing of this response.  While denying that the complaint is deficient, the Plaintiff has taken this opportunity to flesh out the cause of action.

## **CONCLUSION**

The Court should deny the Defendant's Motion to dismiss under Rule 12(b)(3) and (6).


Respectfully Submitted,


   /s/ Jeffrey P Nesson
Jeffrey P. Nesson